IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEISHA KING ) | |
| ) | |
| v. ) | No. 3:13-0733 |
| ) | |
| NANCY A. BERRYHILL ) | |
|     Acting Commissioner of ) | |
|     Social Security[1] ) | |

# **M E M O R A N D U M**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Supplemental Security Income ("SSI"), as provided under Title XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 15), to which Defendant has responded. Docket Entry No. 19. Plaintiff has also filed a subsequent reply to Defendant's response. Docket Entry No. 20. This action is before the undersigned for all further proceedings pursuant to the consent of the parties and order of the District Judge in accordance with 28 U.S.C. § 636(c). Docket Entry Nos. 22-23.

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion is **DENIED** and the decision of the Commissioner is **AFFIRMED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

1

## I. INTRODUCTION

Plaintiff filed an application for SSI on January 14, 2010. *See* Transcript of the Administrative Record (Docket Entry No. 12) at 47.[2] She alleged a disability onset date of January 1, 2008. AR 47. Plaintiff alleged that she was unable to work because of depression, panic attacks, and scoliosis. AR 48.[3]

Plaintiff's applications were denied initially and upon reconsideration. AR 47-50. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Richard W. Gordon on April 19, 2012. AR 32. On April 25, 2012, the ALJ denied the claim. AR 7-9. On July 5, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on April 25, 2012. AR 7-9. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since January 14, 2010, the application date (20 CFR 416.971 *et seq.*).

\*\*\*

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] The Explanation of Determination, in the initial Disability Determination and Transmittal, additionally found evidence that Plaintiff suffers from migraines, anxiety, morbid obesity, visual disturbances, fatigue, and high blood pressure. AR 48.

2. The claimant has the following severe impairments: scoliosis of the lumbar spine, lumbar strain, morbid obesity, a major depressive disorder and a bipolar disorder (416.920(c)).

\*\*\*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\*\*\*

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a reduced range of unskilled sedentary work as defined in 20 CFR 416.967(a). Specifically, I find the claimant is limited to frequent postural activity with occasional climbing, performing simple one and two-step tasks which are routine and repetitive, and with no more than occasional contact with the general public.

\*\*\*

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

\*\*\*

6. The claimant was born on August 14, 1984 and was 25 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\*\*\*

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 14, 2010, the date the application was filed (20 CFR 416.920(g)).

AR 12-21.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v.*

*Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and

nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform unskilled sedentary work with other express limitations to account for her severe impairments, and that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 12-21.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) failing to properly consider all of her impairments and failing to provide sufficient reasons for not finding these impairments to be severe; (2) failing to include a function-by-function assessment in the RFC; (3) failing to properly consider her obesity; (4) failing to properly consider a third party statement regarding Plaintiff's impairments; and (5) failing to properly evaluate her credibility. DE 16 at 1-2. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id.* at 12.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses each of Plaintiff's assertions of error below.

**1. The severity of Plaintiff's impairments.**

Plaintiff first alleges that the ALJ erred by failing to explain his determination that hypertension, anxiety, fatigue syndrome, edema, and peripheral arterial disease did not represent severe impairments. DE 16 at 5. Plaintiff's argument is unavailing for multiple reasons. Her claim that such conditions "were diagnosed and well-documented in the record" (*id.*) does nothing to refute the ALJ's determination. It is well-established that the diagnosis of a condition does not demonstrate disability. *See, e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that diagnosis of an impairment "says nothing about the severity of the condition."); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d at 474 ("[I]t is the claimant's burden to prove the existence *and severity of limitations caused by her impairments*[.]") (emphasis added). Plaintiff cites no evidence in the record indicating that that these conditions are disabling.

Plaintiff similarly fails to cite any regulation that requires the ALJ to "give sufficient reasons" for finding that these conditions did not represent severe impairments. In fact, relevant

9

case law holds that the ALJ "need not discuss every piece of evidence in the record for his decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 664 (6th Cir. 2004). *See also Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) ("[I]t is well settled that ... [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation omitted). Plaintiff's baseless contention is therefore rejected.

The Court additionally notes that, even if Plaintiff had carried her burden by demonstrating that the aforementioned conditions represented severe impairments, any error by the ALJ in failing to find that such impairments were severe would be harmless in light of the ALJ's determination that Plaintiff suffered from other impairments that were severe in nature. AR 12. Once an ALJ determines that at least one of the claimant's alleged impairments is severe, the claim survives the step two screening process, 20 C.F.R. § 404.1520(a)(4); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008), and both severe and non-severe impairments are considered by the ALJ in the remaining steps of the disability evaluation process. 20 C.F.R. §§ 416.923 and 416.945(a)(2). Therefore, an ALJ does not commit reversible error when he fails to find that some impairments are severe but finds that other impairments are severe and proceeds to the next step of the evaluation process. *See, e.g., Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987); *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008). Plaintiff's first assertion of error is thus meritless.

**2. Function-by-function assessment.**

Plaintiff next argues that the ALJ erred by failing to include a function-by-function analysis in the assigned RFC, as required by Social Security Ruling ("SSR") 96-8p. DE 16 at 6-

7. Plaintiff claims that the ALJ failed to include "substantial limitations" caused by symptoms that were "well-documented in the record." *Id*. at 7.

Although SSR 96-8p states that a "function-by-function evaluation" must be performed to determine a claimant's RFC, this mandate "does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (internal citation omitted). The Sixth Circuit has explained that there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Id*. at 547-48. The ALJ "need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Mathis-Caldwell v. Comm'r of Soc. Sec.*, No. 1:15-cv-532, 2016 WL 2731021, at *5 (W.D. Mich. May 11, 2016) (internal citation omitted).

Here, Plaintiff cites no inconsistencies in the ALJ's RFC analysis, nor does she point to any evidence in the record indicating that the ALJ failed to support his RFC determination. Accordingly, this assertion of error is rejected.

### 3. Plaintiff's obesity.

Plaintiff's third assertion of error involves the ALJ's alleged failure to consider the functional effects of Plaintiff's obesity. Plaintiff cites SSR 02-1p, which states generally that the "combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." 2002 WL 34686281, *1 (September 12, 2002). Notably, the Sixth Circuit has held that it is "a mischaracterization to suggest that Social Security Ruling 02-1p offers any particular procedural mode of analysis for obese disability claimants." *Coldiron*

*v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006)).

Plaintiff's brief again fails to provide any evidentiary support for her contention that the ALJ committed reversible error. Specifically, Plaintiff fails to identify any evidence suggesting that she experienced functional limitations due to her obesity, as is her burden. *See Boles v. Colvin*, No. 2:12-cv-0079, 2015 WL 4506174, at *2 (M.D. Tenn. July 23, 2015) (citing *Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 667 (6th Cir. 2004)). To rule in Plaintiff's favor, the Court would have to develop an argument on her behalf, which the Court declines to do. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293-94 (1st Cir. 1995)).

The ALJ concluded that Plaintiff's morbid obesity represented a severe impairment. AR 12. The ALJ discussed this condition and its impact on Plaintiff's other impairments in the opinion. AR 13, 18. Plaintiff identifies no evidence indicating that this condition causes any functional limitations beyond those accounted for in the RFC. The Court therefore rejects this assertion of error.

**4. Third-party evidence.**

Plaintiff next claims that the ALJ failed to properly evaluate the "Function Report" completed by Mario Newbern, Plaintiff's husband. Plaintiff argues that the ALJ violated

SSR 06-03p[4] by failing to specify the amount of weight given to Mr. Newbern's report. DE 16 at 8-10. The Court disagrees.

> SSR 06-03p states, in relevant part:
>
> In considering evidence from "non-medical sources" who have not seen the individual in a professional capacity in connection with their impairments, such as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence.
> ...
> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record *should* reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity.

2006 WL 2329939, *5 (August 9, 2006) (emphasis added).

The Court first notes that the language of SSR 06-03p does not *require*, but *suggests* that the ALJ's opinion include a discussion of third-party opinions. *See also Potter v. Colvin*, No. 1:14-cv-0144, 2015 WL 3486126, at *7 (N.D. Ohio June 2, 2015) (noting that SSR 06-03p states only that the "adjudicator generally *should* explain the weight given to opinions from 'other sources'") (emphasis in original); *Anderson v. Comm'r of Soc. Sec.*, No. 1:14-cv-1055, 2016 WL 944903, at *9 (W.D. Mich. Mar. 14, 2016) (noting that "SSR 06-3p is phrased in permissive rather than mandatory terms"). There was thus no requirement that the ALJ explicitly reference Mr. Newbern's report in the opinion. *See Laddy v. Astrue*, No. 4:11-cv-293, 2012 WL 776551, at *14 (N.D. Ohio Feb. 2, 2012), *report and recommendation adopted*, 2012 WL 777137 (N.D. Ohio Mar. 8, 2012) ("Plaintiff's contention that the ALJ violated the Social

---

[4] SSR 06-03p was rescinded on March 27, 2017. However, because Plaintiff's complaint was filed in 2013, SSR 06-03p applies to the Court's analysis of this claim.

Security Rulings by failing to discuss and explain the weight she gave to the third-party reports lacks merit.").

Alternatively, even if the ALJ erred by failing to reference Mr. Newbern's report in the opinion, the Court finds that such an omission represents harmless error in light of Plaintiff's failure to demonstrate that granting any amount of weight to the report would have altered the ALJ's conclusion. *See Kidd v. Colvin*, No. 1:13-cv-2224, 2014 WL 7238347, at *8 (N.D. Ohio Dec. 17, 2014) ("[E]ven if the ALJ's assessment of the third party opinions was erroneous, the error would be harmless, as Plaintiff has failed to identify how the outcome of his case would be different if the ALJ had assigned great weight to the third party statements."). Indeed, the ALJ noted that there was no opinion from a treating or examining physician that recommended any limitations greater than those assigned in the RFC. AR 18. Even if the ALJ had accorded some specific weight to Mr. Newbern's report, there is still no basis from which to find that Plaintiff is entitled to benefits, thus making remand of this case futile. *See Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir. 2005) ("[N]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.") (quoting *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)).

SSR 06-03p does not contain "an express requirement for a certain level of analysis that must be included in the decision of the ALJ regarding the weight or credibility of opinion evidence from 'other sources.'" *Hyson v. Comm'r of Soc. Sec.*, No. 5:12-cv-1831, 2013 WL 2456378, at *19 (N.D. Ohio June 5, 2013) (internal citation omitted). The ALJ is only required to give "perceptible weight" to the opinion of a third-party "where it is supported by medical evidence." *Id.* (quoting *Allison v. Comm'r of Soc. Sec.*, 108 F.3d 1376, 1997 WL 103369, at *3

(6th Cir. 1997) (table)). Plaintiff points to no medical evidence to support Mr. Newbern's report, which essentially mirrors Plaintiff's claims of disabling symptoms. *See Cahill v. Comm'r of Soc. Sec.*, No. 1:11-cv-2207, 2013 WL 331228, at *24 (N.D. Ohio Jan. 8, 2013), *report and recommendation adopted sub nom.*, 2013 WL 331115 (N.D. Ohio Jan. 25, 2013) ("[T]he ALJ did not err by failing to discuss and explain the weight he assigned the third party reports, which largely echoed Plaintiff's own reports and were principally inconsistent with the medical evidence[.]"). Therefore, to the extent the ALJ erred by failing to explicitly reference Mr. Newbern's report, the Court finds that such error is harmless.

**5. Plaintiff's credibility.**

Plaintiff finally contends that the ALJ improperly evaluated her credibility in violation of SSR 96-7p.[5] Plaintiff notes that SSR 96-7p requires the ALJ to provide reasons for his credibility determination that are "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." 1996 WL 374186, *4 (July 2, 1996). The Sixth Circuit has stated that "[b]lanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers*, 486 F.3d at 248. However, claimants who challenge the ALJ's credibility determination "face an uphill battle," *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005), as the ALJ's determination is "entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

---

[5] SSR 96-7p has been superseded by SSR 16-3p, which became effective on March 28, 2016. However, because Plaintiff's complaint was filed in July of 2013, SSR 96-7p applies to the Court's analysis of this claim.

Plaintiff again faults the ALJ for failing to address the third-party report completed by Mr. Newbern, and additionally claims that the ALJ erred by "picking and choosing" evidence in the record regarding Plaintiff's activities of daily living to support his credibility determination. DE 16 at 11-12. The Court concludes that the ALJ did not commit reversible error by failing to explicitly reference Mr. Newbern's report, as discussed *supra*. With respect to the latter assertion, Plaintiff conveniently ignores the substantial evidence cited by the ALJ to discount Plaintiff's credibility, including a substantial lack of objective findings to support her claims of disabling pain and the refusal of any treating provider to recommend any restrictions due to her alleged symptoms (AR 16-18), both of which are mandated considerations under the very Social Security Ruling Plaintiff cites in her brief. *See* SSR 96-7p, 1996 WL 374186, *5 (July 2, 1996). The ALJ also discussed Plaintiff's alleged symptom magnification during a consultative examination (AR 17, 313), which is another appropriate factor for consideration by the ALJ. *See Powell v. Colvin*, No. 5:12-cv-0157, 2014 WL 689721, at *6 (W.D. Ky. Feb. 20, 2014) ("Tendency to exaggerate is a legitimate factor in determining credibility.") (citing *Tonapetyan v. Commissioner,* 242 F.3d 1144, 1148 (9th Cir. 2001)). Plaintiff's claim that the ALJ selectively considered the evidence of record is unfounded.

A reviewing court is directed to avoid "second-guess[ing]" a credibility determination as long as the ALJ cites "substantial, legitimate evidence to support his factual conclusions[.]" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Plaintiff has not demonstrated that the ALJ failed to fulfill this duty. Accordingly, the Court finds that substantial evidence supports the ALJ's credibility evaluation.

## V. CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 15) is DENIED. An appropriate Order will accompany this memorandum.

_____
BARBARA D. HOLMES
United States Magistrate Judge